IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKAELLA ALFARO,

    Plaintiff,                      No. 2:12-cv-2285 MCE CKD PS

    vs.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed without prejudice and that this case be closed.[1]  Plaintiff has failed to comply with two court orders and the complaint does not confer subject-matter jurisdiction with this federal court.

I.    BACKGROUND

        Plaintiff is proceeding pro se and filed the complaint along with a motion to proceed in forma pauperis on September 6, 2012.  Because she did not meet the indigency requirements of 28 U.S.C. § 1915(a), plaintiff was ordered to pay the $350.00 filing fee to go forward with this action.  Dkt. 3.  By the same order dated September 11, 2012, plaintiff was required to show cause why the action should not be dismissed for lack of federal jurisdiction.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  Id. To date, plaintiff has neither paid the filing fee nor responded to the court's order. In fact,
2  plaintiff has not appeared at all in this matter since filing the complaint and application to
3  proceed in forma pauperis.
4  II.     DISCUSSION
5           Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to
6  comply with these Rules or with any order of the Court may be grounds for imposition by the
7  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
8  Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

13  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
14  same rules of procedure that govern other litigants") (overruled on other grounds). A district
15  court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to
16  Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or
17  fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local
18  rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act
19  *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.
20  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
21  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute
22  or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,
23  53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
24  for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
25  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
26  any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Here, plaintiff has failed to comply with two demands of the court: paying the required filing fee and responding to an order to show cause. Dkt. 3. She was warned that failure to do either of these things would result in a recommendation that this action be dismissed. Id ("Plaintiff is cautioned that failure to pay the fee will result in a recommendation that . . . . the instant action be dismissed . . . ."). Since the order issued on September 11, 2012, plaintiff has had ample time to comply or move the court for an extension of time in which to do so. Plaintiff has done nothing and the undersigned cannot justify the continued expenditure of judicial resources on a case in which plaintiff refuses to cooperate.

Dismissal of this case is further warranted because no proper basis of jurisdiction can be discerned from the complaint. The federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). A lack of subject matter jurisdiction may be raised at any time by either party or by the court, and the undersigned does so here. See Wood v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012) (lack of subject matter jurisdiction may be raised at any stage in the litigation, even after trial and the entry of judgment), Fed. R. Civ. Pro. 12(h)(3) (requiring court to dismiss the action if it determines it lacks jurisdiction). It is plaintiff's obligation to state the basis of jurisdiction (Fed. R. Civ. Pro. 8(a)(1)), and she has failed to do so.

Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Timbisha Shoshone Tribe v. Kennedy, 714 F. Supp. 2d 1064, 1069 (E.D. Cal. 2010) citing Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Simple reference to federal law does not create subject-matter jurisdiction. Id (oblique reference to unspecified federal law does not establish subject matter jurisdiction). Here, plaintiff complains about the actions of a person who may be an employee of the Federal Bureau of Investigation. It

1  is alleged that this individual is rude, racist, very loud and tripped the plaintiff.  Dkt. 1 at 2.
2  These allegations support no discernible cause of action which, if properly plead, would fall
3  within the court's original jurisdiction.  See Timbisha Shoshone Tribe, 714 F. Supp. 2d at 1069.
4  Because there is no basis for federal subject matter jurisdiction evident in the complaint, it is
5  recommended that the action be dismissed.  See Fed. R. Civ. Pro. 12(h)(3) (requiring dismissal).

### III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action, failure to follow the court's orders and, under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 15 8 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ckd9

4